**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
J.S.R., a minor by his mother  )
and next friend                )
JACQUELINE ROJAS POLANCO,      )
et. al.,                       )
                               )
     Plaintiffs,               )
                               )
     v.                        )    Civil Action No. 09-693 (GK)
                               )
WASHINGTON HOSPITAL CENTER     )
CORPORATION, et al.,           )
                               )
     Defendants.               )
_____)
```

**MEMORANDUM OPINION**

Plaintiff J.S.R., a minor, and his parents, Plaintiffs Jacqueline Rojas Polanco and Jorge Salguero, ("Plaintiffs"), bring this action against non-federal Defendants Washington Hospital Center Corporation, Virginia Leslie, Whitney Pinger, and Victoria Vest ("non-federal Defendants").

This matter is now before the Court on Plaintiffs' Motion to Remand to the Superior Court for the District of Columbia ("Motion to Remand") [Dkt. No. 6], non-federal Defendants' Motion to Stay Proceedings Pending Exhaustion of Plaintiffs' Administrative Remedies for Federal Claims ("Motion to Stay") [Dkt. No. 13], and Plaintiffs' Motion for Leave To File a Sur-Surreply to Defendants' Surreply to Plaintiffs' Motion to Remand. Upon consideration of the Motions, Oppositions, Replies, Surreply, and Sur-Surreply, the entire record herein, and for the reasons set forth below, parties

are required to provide additional briefing regarding Plaintiffs' Motion to Remand, non-federal Defendants' Motion to Stay is **denied**, and Plaintiffs' Motion for Leave to File a Sur-Surreply is **granted**.

## I. Background

In this case, J.S.R. suffered permanent brain damage during his birthing process.  He and his parents allege that medical malpractice caused the damage.  As a result of the alleged malpractice, Plaintiff J.S.R. now suffers from a variety of very serious mental and physical ailments, including cerebral palsy and seizures.

On July 31, 2008, Plaintiffs filed a Complaint in the Superior Court of the District of Columbia.  They alleged that J.S.R.'s injuries were caused by non-federal Defendants' negligence (Count I), that his parents suffered injuries as a result of non-federal Defendants' negligence (Count II), and that non-federal Defendants negligently inflicted emotional distress (Count III).  Plaintiffs request $65 million in damages for Count I, $10 million in damages for Count II, and $10 million in damages for Count III, in addition to costs and "other . . . necessary and proper" relief.  Defs.' Notice of Removal, Ex. 1.

Defendant Vest is an employee of Unity Health Care, Inc. ("Unity Health").  Defs.' Mot. to Dismiss at 2 (Apr. 20, 2009) [Dkt. No. 3].  Unity Health is a grantee of the Department of Health and Human Services ("HHS").  Id.  As a result, Defendant

Vest is considered an employee of the United States. See id. ("By operation of statute, Ms. Vest has been deemed to be an employee of the United States of America for purposes of liability under the Federal Tort Claims Act.").[1]  Due to Defendant Vest's status as a federal employee, Plaintiffs filed an administrative claim with HHS on February 6, 2009.  Id.; see Pls.' Opp'n to Defs.' Mot. to Dismiss at 1.  HHS has indicated it will issue a decision "on or before August 6, 2009."  Defs.' Mot. to Stay at 3.

On April 14, 2009, federal Defendant Vest filed a Notice of Removal in this Court on the basis of federal question jurisdiction [Dkt. No. 1].  On April 20, 2009, the United States filed a Motion to Dismiss Ms. Vest and substitute the United States [Dkt. Nos. 2, 3 & 4].  She first argued that the United States must be substituted because of her status as a federal employee.  Second, she argued that after such substitution, the United States would have to be dismissed because Plaintiffs did not exhaust their administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. (2008).  Plaintiffs did not oppose the Motion but reserved the "right to re-file the claim against C.N.M. Vest" and the "right to explore the basis for federal jurisdiction" at the "appropriate" time. Pls.' Opp'n to Defs.' Mot. to Dismiss at 2.  On May 19, 2009, the Court granted

---

[1]     There does not appear to be any disagreement among the parties on this point.

the unopposed Motion, Defendant Vest was dismissed without prejudice, and the United States was substituted as a Defendant [Dkt. No. 14].

On May 4, 2009, Plaintiffs filed a Motion to Remand. On May 18, 2009, the non-federal Defendants filed a Motion to Stay, and on May 28, 2009, Defendant Washington Hospital Center filed a Motion for Leave to File a Third Party Complaint against the United States. On July 13, 2009, the Motion for Leave to File a Third Party Complaint was granted [Dkt. No. 27].

**II. Analysis**

   **A. Plaintiffs' Motion to Remand**

Plaintiffs argue that the case should be remanded because this Court does not have, and never had, subject matter jurisdiction to hear it. In the alternative, Plaintiffs argue that even if diversity jurisdiction exists, the Court should exercise its discretion to remand the case. In response, non-federal Defendants argue that the Court has subject matter jurisdiction to hear the case because there is complete diversity.

The parties concluded their extensive briefing on this issue on June 16, 2009. Thereafter, on July 13, 2009, the Motion for Leave to File a Third Party Complaint was granted. The ruling on that Motion may well affect the parties' analysis, and possibly their final position, on the Motion to Remand. Consequently, all parties are to simultaneously submit supplementary briefs, of no

more than **10 pages (and preferably less), no later than October 20, 2009.** Because the Court has no wish to further delay ruling on this Motion, there will be no additional briefing on the issue, no extensions of time, and no extensions of page limits.

**B.   Defendants' Motion to Stay**

Non-federal Defendants requested a stay of all proceedings in this Court until August 6, 2009, the date on which Plaintiffs will exhaust their administrative remedies. Defs.' Mot. to Stay at 3. That date has come and gone. Therefore, the Motion will be **denied as moot.**

An Order shall accompany this Memorandum Opinion.

October 8, 2009    /s/
                   Gladys Kessler
                   United States District Judge

**Copies to: Attorneys of record via ECF**