**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
J.S.R., a minor by his mother )
and next friend               )
JACQUELINE ROJAS POLANCO,     )
et. al.,                      )
                              )
     Plaintiffs,              )
                              )
     v.                       )    Civil Action No. 09-693 (GK)
                              )
WASHINGTON HOSPITAL CENTER    )
CORPORATION, et al.,          )
                              )
     Defendants.              )
_____)
```

**MEMORANDUM OPINION**

Plaintiff J.S.R., a minor, and his parents, Plaintiffs Jacqueline Rojas Polanco and Jorge Salguero, ("Plaintiffs"), bring this action against Non-federal Defendants Washington Hospital Center Corporation, Virginia Leslie, Whitney Pinger, and Victoria Vest ("Non-federal Defendants").

This matter is now before the Court on Plaintiffs' Motion to Remand to the Superior Court for the District of Columbia ("Motion to Remand") [Dkt. No. 6]. Upon consideration of the Motion, Opposition, Replies, and supplementary briefing, as well as the entire record herein, and for the reasons set forth below, Plaintiffs' Motion to Remand is **granted.**

**I.    Background**

In this case, J.S.R. suffered permanent brain damage during his birthing process.  He and his parents allege that medical malpractice caused the damage.  As a result of the alleged malpractice, Plaintiff J.S.R. now suffers from a variety of very serious mental and physical ailments, including cerebral palsy and seizures.

On July 31, 2008, Plaintiffs filed a Complaint in the Superior Court of the District of Columbia.  They alleged that J.S.R.'s injuries were caused by Non-federal Defendants' negligence (Count I), that his parents suffered injuries as a result of Non-federal Defendants' negligence (Count II), and that Non-federal Defendants negligently inflicted emotional distress (Count III).  Plaintiffs request $65 million in damages for Count I, $10 million in damages for Count II, and $10 million in damages for Count III, in addition to costs and "other . . . necessary and proper" relief.  Defs.' Notice of Removal, Ex. 1.

Defendant Vest is an employee of Unity Health Care, Inc. ("Unity Health").  Defendant Vest's Mot. to Dismiss at 2 (Apr. 20, 2009) [Dkt. No. 3].  Unity Health is a grantee of the Department of Health and Human Services ("HHS").  Id.  As a result, Defendant Vest is considered an employee of the United States. See id. ("By operation of statute, Ms. Vest has been deemed to be an employee of the United States of America for purposes of liability under the

Federal Tort Claims Act.").[1]  Due to Defendant Vest's status as a federal employee, Plaintiffs filed an administrative claim with HHS on February 6, 2009.  Id.; see Pls.' Opp'n to Defs.' Mot. to Dismiss at 1.  HHS has indicated it would issue a decision "on or before August 6, 2009."  Defs.' Mot. to Stay at 3.  The record does not disclose whether such decision was issued and, if so, on what date.

On April 14, 2009, Defendant Vest filed a Notice of Removal in this Court on the basis of federal question jurisdiction [Dkt. No. 1].  On April 20, 2009, Defendant Vest filed a Motion to Dismiss and substitute the United States [Dkt. Nos. 3 & 4].  First, she argued that the United States must be substituted because of her status as a federal employee.  Second, she argued that after such substitution, the United States would have to be dismissed because Plaintiffs did not exhaust their administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. (2008).  Plaintiffs did not oppose the Motion but reserved the "right to re-file the claim against C.N.M. Vest" and the "right to explore the basis for federal jurisdiction" at the "appropriate" time. Pls.' Opp'n to Defs.' Mot. to Dismiss at 2.  On May 19, 2009, the Court granted the unopposed Motion, Defendant Vest was

---

[1] There does not appear to be any disagreement among the parties on this point.

dismissed without prejudice, and the United States was substituted as a Defendant [Dkt. No. 14].

On May 4, 2009, Plaintiffs filed their Motion to Remand. On May 18, 2009, the Non-federal Defendants filed a Motion to Stay, which was denied on October 8, 2009 [Dkt. No. 33]. On May 28, 2009, Non-federal Defendant Washington Hospital Center filed a Motion for Leave to File a Third Party Complaint against the United States [Dkt. No. 18], which was granted on July 13, 2009 [Dkt. No. 27].

**II. Analysis**

Subsequent to the filing of the United States' Motion to Dismiss, Plaintiffs filed their Motion to Remand this case to Superior Court. The Non-federal Defendants have opposed that Motion, and the United States has indicated its agreement with the Motion in its response to Plaintiffs' Motion to Remand Case to the District of Columbia Superior Court [Dkt. No. 37]. The Court concludes that Plaintiffs are entitled to remand for the following reasons.

As noted above, Plaintiffs originally filed their law suit in the Superior Court for the District of Columbia. The United States thereafter removed the case to this Court because of the existence of a federal question, pursuant to 28 U.S.C. § 1331. Thereafter, the United States, on behalf of Ms. Vest, was dismissed from the case because Plaintiffs had failed to exhaust their administrative

remedy under the FTCA.  At that point, this Court ceased to have subject matter jurisdiction over the case.

Section 1447(c) of Title 28 provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under Section 1446(a).  If at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, <u>the case shall be remanded</u> (emphasis added).

Thus, once the United States was dismissed, this Court no longer had any subject matter jurisdiction over the case and was required, by the mandatory language of § 1447(c), to remand the case to Superior Court.  <u>Edwards v. District of Columbia</u>, 616 F. Supp.2d 112 (D.D.C. 2009) (quoting <u>Republic of Venezuela v. Phillip Morris, Inc.</u>, 287 F.3d 192, 196 (D.C. Cir. 2002) ("When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case.")).  <u>See</u> <u>also</u> <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350-51 (1988).[2]

Defendants argue that this Court never lost jurisdiction over this case because it has always had diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Defendants are incorrect.  Non-federal Defendants never removed this case.  The United States removed it

---

[2]  Although <u>Cohill</u> was decided before the 1988 Amendments to § 1447(c) became operative, it is instructive that the Supreme Court reached the conclusion it did even before Congress made that result mandatory.

and removed it <u>only</u> on the basis of federal question jurisdiction. The fact that Non-federal Defendants <u>might</u> have removed the case on the basis of diversity is irrelevant -- that factual scenario simply never existed.[3]  Even "[i]f federal jurisdiction is doubtful, a remand to state court is necessary." <u>Dixon v. Coburg Dairy, Inc.</u>, 369 F.3d 811, 815-16 (4th Cir. 2004) (<u>en</u> <u>banc</u>).

An Order shall accompany this Memorandum Opinion.



November 3, 2009                    /s/
                                    Gladys Kessler
                                    United States District Judge

**Copies to: Attorneys of record via ECF**

---

[3]  Moreover, as Plaintiffs and the United States have argued, there is doubt that it ever could have existed. However, that issue need not be resolved at this time in light of the Court's ruling.